UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TONY MILLER,

              Petitioner,

                                       File No. 1:06-cv-525

v.

                                       HON. ROBERT HOLMES BELL

CINDI CURTIN,

              Respondent.

_____/


**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION IN PART**

       This matter is before the Court on a habeas corpus petition filed pursuant to 28 U.S.C.

§ 2254 by Petitioner Tony Miller.  (Dkt. No. 42.)  The Magistrate Judge has issued a Report

and Recommendation ("R&R") recommending that this Court deny the petition.  (Dkt. No.

43.)  Petitioner has filed objections to the R&R.  (Dkt. No. 44.)

       This Court makes a de novo determination of issues in an R&R to which specific

objections are made.  28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b).  The Court may accept,

reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28

U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b).

       First, Petitioner objects to the conclusion of the R&R that Petitioner failed to satisfy

the second two prongs of the test in *Duren v. Missouri*, 439 U.S. 357 (1979), for whether the

composition of his jury panel violated the fair cross-section requirement of the Sixth

Amendment, i.e.:

(2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Id.* at 364. In his objections, Petitioner contends that the Magistrate Judge ignored his proffer of the census report for Wayne County in 2004 and a newspaper article from 2006 stating that reports had indicated that 42% of Wayne County's residents were African-American while only 27% of those reporting for jury duty were African-American. However, the foregoing evidence fails to satisfy Petitioner's burden, and his reliance on *Smith v. Berghuis*, 543 F.3d 326 (6th Cir. 2008), is misplaced. Petitioner has not offered any evidence of a general disparity from the time of his proceedings in 2004. *Cf. id.* at 340 (noting evidence of a "persistent disparity" over a period of seventeen months, including the month in which the petitioner's jury was drawn). Nor has Petitioner identified any processes used in Wayne County during the time of his proceedings that might have resulted in the systematic exclusion of African-Americans from the jury-selection process. *See id.* at 343 (noting that "the proof must be sufficient to support an inference that *a particular process* results in the underrepresentation of a distinctive group") (emphasis added). Thus, Petitioner's claim fails for the foregoing reasons as well as those stated in the R&R.

Second, Petitioner objects to the denial of his claim that the jury selection in his case violated his right to equal protection. Petitioner cites *Castaneda v. Partida*, 430 U.S. 482 (1977), but does not identify any error in the R&R. On de novo review, the Court agrees with the determination of the Magistrate Judge for the reasons stated in the R&R.

Third, Petitioner objects to the determination that the admission of testimony regarding ammunition found at his residence did not deprive him of a fair trial. Petitioner indicates in his objections that the officer that discovered the ammunition testified that one type of ammunition found at his residence was unrelated to the shooting for which Petitioner was charged because it was for a different caliber of firearm. (*See* Dkt. No. 20, Trial Tr. 175-76.) On de novo review, the Court agrees with the R&R that the admission of this evidence did not violate fundamental fairness, in part because it served to demonstrate Petitioner's access to a weapon. Even if the ammunition found at his residence was not of the same type as that used in the shooting, it was still relevant to the charge of being a felon in possession of a firearm. Moreover, considering that several different types of ammunition were discovered at Petitioner's residence (*Id.* at 173-74), the Court is not persuaded that the admission of evidence regarding one additional form of ammunition denied Petitioner a fair trial. Petitioner's assertion that photographs, rather than witness testimony, were necessary to lay a foundation for the admission of this evidence is without merit.

Fourth, Petitioner restates his arguments regarding his sufficiency-of-the-evidence claim, but he does not identify any error in the R&R, or indicate how the state court's denial of this claim was contrary to or involved an unreasonable application of federal law.

Fifth, Petitioner objects to the determination that his counsel was not ineffective for failing to present his girlfriend, Tamichia Latham, as an alibi witness. In a statement signed in September of 2004 Ms. Latham asserts:

> . . . I can't feel Tony Millers [sic] attorney didn't represent his case to the best of his ability. I was a witness, Tony was home with me. The police came to my house, questioned Tony and released him. Tonys [sic] attorney knew this but said that I didn't need to testify. Tony wanted me to testify.

(Dkt. No. 1, App'x C.)

The Magistrate Judge determined that the affidavit was insufficient support for Petitioner's ineffective assistance claim under the prejudice prong of *Strickland* because the vague assertion by Petitioner's girlfriend that "Tony was home with me" lacks context and, thus, is not an alibi. (R&R 24.) Second, the Magistrate Judge determined that Petitioner did not offer any evidence or argument to rebut the presumption that counsel's determination was sound trial strategy. (*Id.*)

In its opinion on direct appeal, the Michigan Court of Appeals held that there were "many plausible reasons" for counsel's decision not to present Petitioner's girlfriend as an alibi witness, including lack of credibility and the risk that the jury would focus on this evidence rather than other weaknesses in the prosecutor's case. *People v. Miller*, No. 256496 slip op. at 3 (Mich. Ct. App. Oct. 18, 2005). Thus, the court determined that this "extremely weak alibi evidence" may have done more harm than good. *Id.* The R&R reviewed this determination under the deferential AEDPA standard of review. (R&R 24.) Petitioner contends that the R&R erred by giving deference to state court's adjudication of this issue because the state court did not allow Petitioner to develop the factual basis for his ineffective assistance claim, but instead limited its review to the existing record. *See Miller*, slip op. at 3. In *Brown v. Smith*, 551 F.3d 424 (6th Cir. 2008), the Sixth Circuit held that the deferential

AEDPA standard of review does not apply where the petitioner presents evidence that was not available to the state court and where the petitioner has met the standard for expanding the record. *Id.* at 429-30. Where the deferential standard of review does not apply, the Court reviews questions of law de novo and questions of fact for clear error. *Id.* at 430. The components of *Strickland* are reviewed de novo. *Id.* The Michigan Court of Appeals determined that it might have been sound trial strategy to not present this alibi evidence, because the evidence was "extremely weak"; it also suggested that the evidence lacked credibility. *Miller*, slip op. at 3. The court did not indicate how it came to the conclusion that the evidence was weak or lacked credibility, though it is clear that it made this assessment with only the trial record and the written statement of Petitioner's girlfriend before it.

Petitioner asks this Court, as he asked the Magistrate Judge, to hold an evidentiary hearing to further develop the record on his ineffective assistance claim. Section 2254(e)(2) of Title 28 limits the circumstances in which the Court may hold an evidentiary hearing when the petitioner "has failed to develop the factual basis of a claim in State court proceedings." *Id.* The Supreme Court has interpreted this language to apply to prisoners that did not "exercise diligence in pursuing their claims." *Williams v. Taylor*, 529 U.S. 420, 436 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437. Petitioner filed a motion before the Michigan Court Appeals to remand the matter to the trial court for an

evidentiary hearing on his ineffective assistance claim. Without offering any analysis, the Court of Appeals denied the motion to remand because it was not persuaded that a remand was warranted. Where an applicant has exercised diligence, "a federal court must consider whether such a hearing could enable an applicant to prove the petitioner's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

It appears that the Magistrate Judge did not consider whether an evidentiary hearing was warranted, i.e. whether Petitioner had exercised diligence sufficient to expand the record under § 2254(e)(2), or whether a hearing could enable Petitioner to demonstrate his entitlement to habeas relief. Though the Court declines to find, at this time, that Petitioner has exercised diligence sufficient to expand the record, the Court notes that Petitioner has fulfilled at least the "minimum" requirement for diligence identified in *Williams*. Moreover, it appears that evidence presented at an evidentiary hearing could enable Petitioner to address the issues raised in the R&R with respect to the prejudice and performance prongs of the *Strickland* test for ineffective assistance. As Petitioner indicates, the issue of lack of prejudice resulting from the apparent vagueness of his girlfriend's statement could be addressed by further testimony from her. Furthermore, the nature of this testimony and the extent of counsel's investigation into it is relevant to whether counsel's decision not to call her as a witness was objectively unreasonable under the performance prong of the *Strickland* test. Though the Court agrees with the R&R that the state court's determination was not in

error under the deferential AEDPA standard of review, the Sixth Circuit's decision in *Brown v. Smith* indicates that the Court should apply the pre-AEDPA standard of review where the petitioner properly presents new evidence in support his claim. 551 F.3d at 429-30. Without the benefit of this evidence, the Court is not in a position to review Petitioner's claim. In other words, the Court cannot review Petitioner's ineffective assistance claim without first determining whether to elicit additional evidence that may be relevant to that claim.

Accordingly, the Court will refer this claim to the Magistrate Judge to determine whether an evidentiary hearing is warranted, to hold one if it is warranted, and to review the petition in light of the evidence from that proceeding.

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation (Dkt. No. 44) are **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 43),is **APPROVED** and **ADOPTED IN PART** as the opinion of the Court. The R&R is adopted with respect to all of Petitioner's claims *other than* his claim of ineffective assistance of counsel for failure to present an alibi witness.

**IT IS FURTHER ORDERED** that all of Petitioner's claims in his petition for writ of habeas corpus (Dkt. No. 1) are **DENIED**, other than his claim of ineffective assistance of counsel for failure to call an alibi witness.

**IT IS FURTHER ORDERED** that this matter is **REFERRED** to the Magistrate

Judge for further proceedings consistent with the Court's opinion.


Dated: <u>March 3, 2010</u>                                    <u>/s/ Robert Holmes Bell</u>
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE