UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY MILLER,

      Petitioner,

                                    File No: 1:06-CV-525

v.

                                    HON. ROBERT HOLMES BELL

CINDI S. CURTIN,

      Respondent.
      _____/

## MEMORANDUM OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 by Petitioner Tony Miller. (Dkt. No. 1.) The Magistrate Judge issued a Report and Recommendation on July 13, 2009, recommending that this Court deny the petition. (Dkt. No. 43.) The Court adopted the Report and Recommendation with respect to all of Petitioner's claims other than his claim of ineffective assistance of counsel for failure to present an alibi witness. (Dkt. No. 48.) The matter was referred to the Magistrate Judge to determine whether an evidentiary hearing is warranted, to hold one if it is warranted, and to review the petition in light of the evidence from that proceeding. (*Id.* at 7.) The Magistrate Judge issued a second Report and Recommendation ("R&R") on September 2, 2010, which concludes that Petitioner is not entitled to an evidentiary hearing and that Petitioner's ineffective assistance of counsel claim is without merit. (Dkt. No. 52, R&R, at 14.) The Magistrate Judge recommends that the Petitioner's petition for writ of habeas corpus be denied. (*Id.*)

Petitioner has objected to this R&R. (Dkt. No. 53, Objection.) The Court is required to review *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Petitioner first points out that he has satisfied the minimum requirement of diligence under *Williams v. Taylor*, 529 U.S. 420, 436 (2000). (Objection at 2.) This Court and the Magistrate Judge agree. (Dkt. No. 48 at 6; R&R at 10.) Accordingly, this Court is not barred from holding an evidentiary hearing by AEDPA, 28 U.S.C. § 2254. *See Williams*, 529 U.S. at 437. However, this does not mean that Petitioner is entitled to such a hearing. *See Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). In these circumstances, "a habeas petitioner is generally entitled to [an evidentiary hearing] if he alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002) (internal quotations omitted). The Magistrate Judge concludes that Petitioner has not alleged sufficient grounds for release and that he has failed to demonstrate that relevant facts are in dispute. (R&R at 11.)

Petitioner objects to one of the grounds of that conclusion – the Magistrate Judge's determination that Ms. Latham's affidavit was vague, lacks context, and is not an alibi. (Objection at 3-4.) Despite his objection, Petitioner does not dispute the determination that this "alibi" cannot stand on its own, and Petitioner has failed to submit any additional

2

evidence, even an additional affidavit, to lend weight to Ms. Latham's vague statements. Rather, Petitioner maintains that he is entitled to an evidentiary hearing in order to introduce alibi evidence. (Objection at 4.) This is not the law. "This circular logic . . . would entitle every habeas defendant to an evidentiary hearing on any issue." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). As noted above, Petitioner must demonstrate that relevant facts (such as Petitioner's location *at the time of the murder*) are in dispute before an evidentiary hearing will be granted. This Petitioner has failed to do. The objection will be overruled.

Finally, Petitioner reiterates his argument that his trial counsel was ineffective by failing to call Ms. Latham to testify and that this failure prejudiced Petitioner. (Objection at 4.) The Magistrate Judge addresses this argument in the R&R. (R&R at 12-13.) The Court has reviewed the record and the Magistrate Judge's findings *de novo* and finds that the Magistrate Judge has correctly analyzed the issues and has made a sound recommendation. Petitioner has acknowledged that his attorney interviewed Ms. Latham, but he nonetheless made the strategic decision not to call her as a witness. (Dkt. No. 1, Page ID#28.) The state Court of Appeals noted, and this Court agrees, that there are many reasons that trial counsel may have elected not to present this extremely weak alibi evidence. *People v. Miller*, No. 256493, slip op. at 3 (Mich. Ct. App. Oct. 18, 2005). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," and Petitioner here has not presented sufficient evidence to

3

challenge trial counsel's judgments. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). This objection, too, will be overruled.

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation.

In addition, a certificate of appealability will be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court concludes, for the reasons contained in this opinion, this Court's previous opinion in this matter (Dkt. No. 48), and the Magistrate

Judge's R&Rs (Dkt. Nos. 43 and 52), that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.  Petitioner has not shown a denial of his Sixth or Fourteenth Amendment rights in his first claim.  Petitioner has likewise failed to show a denial of constitutional rights due to the admission of evidence in his second claim.  Petitioner has not shown constitutionally inadequate assistance of counsel with respect to either of failure to present or suppress evidence in his third claim.  Finally, Petitioner has failed to show that the state did not present sufficient evidence to convict beyond a reasonable doubt in his fourth claim.  Therefore, the Court will deny petitioner a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objection (Dkt. No. 53) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the September 2, 2010, Report and Recommendation of the Magistrate Judge (Dkt. No. 52) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated: September 29, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE